

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 15, 2013**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **HI-WAY EQUIPMENT COMPANY LLC,** | § | **Case No. 13-41498-RFN-11** |
| **HI-WAY HOLDINGS LLC and HWE** | § | |
| **REAL ESTATE LLC,** | § | **(Jointly Administered)** |
| | § | |
| Debtors. | § | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
## CONFIRMING DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN OF
## LIQUIDATION DATED AUGUST 29, 2013

### [Related Docket No. 296]

The *Second Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 296] (as may be

further amended, modified, and/or supplemented, the "**Plan**")[1] having been filed with this Court

on August 29, 2013; and this Court having entered, after due notice and a hearing, an order

[Docket No. 295] (the "**Disclosure Statement Order**"), dated August 29, 2013, (i) approving

the *Disclosure Statement in Support of First Amended Joint Chapter 11 Plan of Liquidation*

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Plan.

[Docket No. 288] (the "**Disclosure Statement**"); (ii) approving the procedures to solicit acceptances of the Debtors' proposed Plan, and (iii) scheduling a hearing and establishing notice and objection procedures for confirmation of the Debtors' proposed Plan; and the Disclosure Statement and Plan having been distributed or made available to holders of Claims against or Interests in the Debtors and other parties in interest as provided in the Disclosure Statement Order; and the hearing to consider confirmation of the Plan having been held before this Court on October 8, 2013 (the "**Confirmation Hearing**"); and due notice of the Plan and the Confirmation Hearing having been provided to holders of Claims against or Interests in the Debtors and other parties in interest in accordance with the Disclosure Statement Order, title 11 of the United States Code (the "**Bankruptcy Code**"), and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), as established by the certificate of service, mailing, filed with this Court (the "**Certificate of Service**"),[2] and such notice being sufficient under the circumstances and no further notice being required; and after full consideration of (i) the *Declaration of Charles W. Reeves, Jr. In Support of Confirmation of Second Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 319] (the "**Confirmation Declaration**"), filed on October 4, 2013; (ii) the *Certification of Upshot Services LLC Regarding Tabulation of Votes in Connection With the Second Amended Joint Chapter 11 Plan of Liquidation* as modified [Docket No. 315] (the "**Voting Certification**"); (iii) the stipulation attached as <u>Exhibit A</u> to the *Emergency Motion to Approve Stipulation Pursuant to Rule 9019 Resolving Debtors' Objection to Claims of BG Strategic Advisors [Claim No. 25 in Case No. 13-41498 and Claim No. 1 in Case No. 13-41503] and Changing Vote of BG Strategic Advisors to Accept Plan* [Docket No. 316] (the "**BGSA Stipulation**"); and (iv) there having been no objections to the confirmation of

---

[2] The Certificate of Service has been filed at Docket No. 304.

the Plan; and upon all of the proceedings had before this Court and upon all of the evidence adduced at the Confirmation Hearing; and this Court having determined based on all of the foregoing that the Plan should be confirmed, as reflected by this Court's rulings made herein and at the Confirmation Hearing (which rulings by this Court at the Confirmation Hearing are incorporated herein for all purposes); and after due deliberation and sufficient cause appearing therefor, this Court hereby

FINDS, DETERMINES, AND CONCLUDES THAT:

A.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.[3]

**Jurisdiction and Venue**

B.    <u>Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>.  This Court has jurisdiction over the Cases (defined below) pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(6) and this Court has jurisdiction to enter a final order with respect thereto.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] All rulings announced by this Court on October 8, 2013, are hereby incorporated herein.

## Cases

C.    Commencement and Consolidation of the Cases.  On April 1, 2013, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, initiating voluntary cases [Case Nos. 13-41498-RFN, 13-41502-RFN, and 13-41503-RFN] (the "**Cases**").

D.    Official Committee of Unsecured Creditors.  The United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**") in the Cases on June 5, 2013.

E.    Judicial Notice.  This Court takes judicial notice of (i) as appropriate, proofs of claims filed in the Cases, and (ii) the docket of the Cases maintained by the Clerk of this Court and pleadings reflected therein, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before this Court during the pendency of the Cases.

## Solicitation and Notice

F.    Solicitation and Notice.  On August 29, 2013, this Court entered the Disclosure Statement Order, which, among other things, approved the Disclosure Statement, finding that it contained "adequate information" within the meaning of section 1125 of the Bankruptcy Code, and established procedures for the Debtors' solicitation of votes on the Plan.  The Solicitation Packages (as defined in the Disclosure Statement Order) were served in compliance with the Bankruptcy Rules and the Disclosure Statement Order.  The service of the Solicitation Packages was adequate and sufficient under the circumstances of the Cases, and adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Disclosure Statement Order was timely provided in compliance with the Bankruptcy Rules and the Disclosure Statement Order.

G.    Voting.  Votes on the Plan were solicited after disclosure to holders of Claims against or Interests in the Debtors of "adequate information" as defined in section 1125 of the

Bankruptcy Code. As evidenced by the Voting Certification, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

### Compliance with the Requirements of Section 1129 of the Bankruptcy Code

H.    <u>Burden of Proof</u>. The Debtors have met their burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence.

I.    <u>Bankruptcy Rule 3016(a)</u>. The Plan is dated and identifies the Debtors as the Plan proponents, thereby satisfying Bankruptcy Rule 3016(a).

J.    <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

        i.    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. As required by section 1123(a)(1), in addition to Administrative Claims, and Priority Tax Claims, which need not be classified, Article V of the Plan designates 6 Classes of Claims against and Interests in the Debtors. As required by section 1122(a) of the Bankruptcy Code, the Claims (to the extent treated as a Class) placed in each Class are substantially similar to other Claims in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

        ii.    <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. Article V of the Plan specifies that Classes 2 - 4 are unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

        iii.    <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Article V of the Plan designates Classes 1, 5, and 6 as impaired, and Article V of the Plan sets forth

the treatment of such impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

iv.  No Discrimination (11 U.S.C. § 1123(a)(4)). Article V of the Plan provides for the same treatment by the Debtors for each Claim in each respective Class, unless the holder of a particular Claim has agreed to a less favorable treatment in respect of such Claim, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

v.  Implementation of the Plan (11 U.S.C. § 1123(a)(5)). As required by section 1123(a)(5), Article VI of the Plan provides for adequate means for implementation of the Plan, including without limitation, (a) the dissolution of the Debtors; (b) the establishment of the Disbursing Agent; (c) the establishment of the Litigation Agent; and (d) the execution, delivery, filing, or recording of all contracts, instruments, releases, and other agreements or documents related to the foregoing.

vi.  Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)). The Debtors are being dissolved in conjunction with the Plan and no non-voting equity securities will be issued by any of the Reorganized Debtors.

vii.  Designation of Managers, Directors and Officers of the Debtors (11 U.S.C. § 1123(a)(7)). Article VI of the Plan contains provisions with respect to Disbursing Agent and the Litigation Agent. Effective as of the Effective Date, Charles W. Reeves shall serve as the Disbursing Agent and J. Michael McBride will serve as the Litigation Agent.

viii.  Additional Plan Provisions (11 U.S.C. § 1123(b)). The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

ix.  Impairment/Unimpairment of Any Class of Claims or Interests (11 U.S.C. § 1123(b)(1)). Pursuant to the Plan, Classes 2 - 4 are unimpaired and all other Classes are impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

x.  Assumption and Rejection of Executory Contracts (11 U.S.C. 1123(b)(2)). Article IX of the Plan provides for the rejection of the executory contracts and unexpired

leases of the Debtors as of the Effective Date, except for any executory contracts or unexpired leases that (a) have previously expired or terminated by their own terms, or (b) have been assumed and assigned or rejected pursuant to an order of this Court pursuant to Bankruptcy Code section 365. This Confirmation Order constitutes an order of this Court under section 365 of the Bankruptcy Code approving the rejection of such Executory Contracts (as defined in the Plan) as of the Effective Date.

xi. Other Appropriate Provisions (11 U.S.C. § 1123(b)(2)). The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) distributions to holders of Claims, (b) the Disbursing Agent's, or Litigation Agent's, as applicable, retention of, and right to enforce, sue on, settle, or compromise (or refuse to do any of the foregoing with respect to) certain claims and causes of action against third parties, to the extent not waived and released under the Plan, (d) resolution of Alamo Group Claims, (e) allowance of certain Claims, and (f) exculpations of certain parties.

xii. Settlement of Claims and Causes of Action (11 U.S.C. § 1123(b)(3)). The Plan provides for settlement of the Alamo Group Claims through the Alamo Settlement. The Alamo Settlement is approved as fair and equitable.

xiii. Modification of Rights (11 U.S.C. § 1123(b)(5)). The Plan (i) leaves unaffected the rights of holders of Claims in Classes 2 - 4, and (ii) affects the rights of holders of Claims in all other Classes.

xiv. Cure of Defaults (11 U.S.C. § 1123(d)). The Plan does not provide for the curing of any defaults. Accordingly, the Plan complies with section 1123(d) of the Bankruptcy Code.

K. The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).

The Debtors, as the plan proponents, have complied with the applicable provisions of the

Bankruptcy Code. Specifically:

i. The Debtors are eligible debtors under section 109 of the Bankruptcy Code;

       ii.      The Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of this Court; and

       iii.     The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating the votes on the Plan.

L.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtors have proposed the Plan (including the Plan Supplement, and all other documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtors' good faith is evident from the facts and record of the Cases, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in the Cases. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' assets and expeditiously distributing that value to Creditors. The Plan was negotiated at arms' length among the Debtors and the Committee. Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith, at arms' length, and are consistent with sections 1122, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, and are each necessary for the Estates' successful maximization of value for Creditors. Such provisions were not included in the Plan for any improper purpose.

M.    <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made by the Debtors, the Estates, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in connection with the Cases, or in connection with the Plan and incident to the Cases, has been approved by, or is subject to the approval of this Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

N.    Managers, Directors, and Officers (11 U.S.C. § 1129(a)(5)). The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The Debtors are being dissolved pursuant to the Plan. Charles W. Reeves shall serve as the Disbursing Agent, and J. Michael McBride shall serve as the Litigation Agent. The appointment of such persons is consistent with the interests of the Estates and with public policy.

O.    No Rate Changes (11 U.S.C. § 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

P.    Best Interests of Creditors (11 U.S.C. § 1129(a)(7)). The "best-interests" test is satisfied with respect to each Class of Impaired Claims. As demonstrated by the evidence proffered or adduced at the Confirmation Hearing, including the Liquidation Analysis attached to the Disclosure Statement, which employed commonly accepted methodologies and reasonable assumptions, each holder of an Impaired Claim against the Estates either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date. Accordingly, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

Q.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Classes 2 – 4 are Unimpaired by the Plan; accordingly, holders of Claims in such Classes are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Class 1 "Priority Non-Tax Claims" and Class 5 "General Unsecured Claims" (the "**Impaired Accepting Classes**"), which are impaired by the Plan and entitled to vote, have voted to accept the Plan, in accordance with sections 1126(b) and (c) of the Bankruptcy Code. Class 6

"Interests" will receive no distribution under the Plan (the "**Deemed Rejecting Class**").  The Deemed Rejecting Class is deemed to have voted to reject the Plan. Although section 1129(a)(8) of the Bankruptcy Code is not satisfied with respect to the Deemed Rejecting Class, the Plan can still be confirmed because the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to the Deemed Rejecting Class, for the reasons stated below.

R.    Treatment of Administrative Expense Claims, and Priority Tax Claims (11 U.S.C. § 1129(a)(9)).    The treatment of Administrative Expense Claims, and Priority Tax Claims pursuant to Article IV of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

S.    Acceptance By Impaired Class of Claims (11 U.S.C. § 1129(a)(10)).  Class 1 and Class 5 is impaired under the Plan and entitled to vote, and each voted to accept the Plan by the requisite majorities, determined without including any acceptance of the Plan by any insider, if any.  Therefore, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

T.    Feasibility (11 U.S.C. § 1129(a)(11)).    The information in the Disclosure Statement and evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors, except to the extent that an orderly liquidation is proposed by the Plan.  Therefore, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

U.    Payment of Fees (11 U.S.C. § 1129(a)(12)).  All fees due and payable pursuant to section 1930 of chapter 123 of title 28, United States Code, as determined by the Bankruptcy Code, have been or will be paid on the Effective Date pursuant to Article IV of the Plan, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

V.      Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  The Debtors have no retirees or retirement benefits, and accordingly, the requirements of section 1129(a)(13) of the Bankruptcy Code are inapplicable in the Cases.

W.      No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation; accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in the Cases.

X.      Debtors are Not Individuals (11 U.S.C. § 1129(a)(15)).  The Debtors are not individuals; accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in the Cases.

Y.      No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)).  Bankruptcy Code section 1129(a)(16) is inapplicable as it only applies to the "transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation, or trust[,]" and the Debtors are moneyed businesses or commercial corporations.

Z.      No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).  The Debtors have requested that the Court confirm the Plan notwithstanding the fact that the Deemed Rejecting Class rejected the Plan.  The Debtors have satisfied the requirements of sections 1129(b)(1) and (b)(2) of the Bankruptcy Code with respect to the Deemed Rejecting Class.  Since each class under the Plan is of a different rank, with different legal rights, there is no unfair discrimination against any Class.

AA.     The Plan does not discriminate unfairly as against Class 6.  Class 6 is comprised of Holders of Interests in the Debtors.  The Plan does not provide for any distribution to Holders of Interests.  There are no claims that are junior to Class 6 and no senior class to Class 6 is receiving more than payment in full.   Based on the foregoing, the requirements of section

1129(b) of the Bankruptcy Code are met with respect to Class 6 and the Plan may be confirmed notwithstanding the rejection by these Class.

BB. The Plan satisfies Section 1129(b)(2)(A), in addition to Section 1129(a)(9)(D), with respect to Secured Ad Valorem Taxing Authorities.

CC. Section 1129(b)(2)(A)(i) provides as follows:

> (2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
>
> . . . .
>
>> (A) With respect to a class of secured claims the plan provides ——
>>
>>> (i) (I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and
>>>
>>> (II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;
>
> . . . .

The Plan satisfies this requirement because it provides for payment in full of each Secured Claim of Ad Valorem Taxing Authorities from the sale of the Collateral securing their liens. The Plan provides for payment of interest at the statutory rate, as required by Bankruptcy Code § 511(a). Pending payment in full, each Holder of a Class 2 Claim retains its lien on its existing Collateral. This treatment guarantees each holder of a Secured Ad Valorem Tax Claim that it will retain its lien until it is fully paid (as required by Section 1129(b)(2)(A)(i)(I)) and will

receive payments with a present value at least equal to its allowed claim, using the above-market rate required by Bankruptcy Code § 511 (as required by Section 1129(b)(2)(A)(i)(II)).

DD. <u>Only One Plan (11 U.S.C. § 1129(c))</u>. The Plan is the only chapter 11 plan that has been filed in the Cases. Accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in this Bankruptcy Case.

EE. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

FF. <u>Not Small Business Case (11 U.S.C. § 1129(e))</u>. This is not a small business case, and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in this Bankruptcy Case.

## <u>Compliance with Section 1125 of the Bankruptcy Code</u>

GG. <u>Good-Faith Solicitation (11 U.S.C. 1125(e))</u>. Based on the record before the Court, (i) the Debtors and their respective Professionals are deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, sections 1125(a) and (e) of the Bankruptcy Code, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation and therefore will not, on account of such solicitation, be liable at any time for any violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Section 11.10 of the Plan.

## Compliance with Section 1126 of the Bankruptcy Code

HH.    Acceptance of Plan (11 U.S.C. § 1126).    Pursuant to section 1126 of the Bankruptcy Code, the Plan has been accepted by the Impaired Accepting Classes, i.e., Classes 1 and 5.

## Compliance with Bankruptcy Rule 3018

II.    The Court has considered the BGSA Stipulation and finds that cause exists to allow BG Strategic Advisors to change its vote rejecting the Plan to accept the Plan.

## Compliance with Bankruptcy Rule 3019

JJ.    The Plan has not been modified since acceptance, therefore the requirements of Rule 3019 have been met.

## Executory Contracts and Unexpired Leases

KK.    The Debtors have exercised sound business judgment in determining to reject each of their executory contracts and unexpired leases pursuant to Article IX of the Plan.  Each rejection of an executory contract or unexpired lease as provided in Article IX of the Plan shall be legal, valid, and binding on the Debtors and all non-debtor counterparties to such contracts or leases, all to the same extent as if such assumption or rejection has been effectuated pursuant to an appropriate authorizing order of this Court before the Effective Date under section 365 of the Bankruptcy Code.  Each rejection of an executory contract or unexpired lease as provided in Article IX of the Plan shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease.

## Exculpations, Injunctions, and Releases

LL.     This Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the exculpation, injunctions, and releases set forth in Article X of the Plan.  The Bankruptcy Code permits issuance of the injunctions and approval of the releases and exculpations set forth in Article X of the Plan.  Such provisions are fair and reasonable and are in the best interests of the Debtors, the Estates, and parties-in-interest.  Further, the exculpation provisions in the Plan do not relieve any party of liability for an act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, fraud, or gross negligence.  Based on the record of the Cases and the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the injunctions, exculpations, and releases set forth in Article X of the Plan are consistent with the Bankruptcy Code and applicable law.

## Settlements and Compromises Pursuant to and Incorporated in the Plan

MM.   The Plan allows for the Estates to compromise and settle Claims against or Interests in the Debtors and certain claims held by the Estates.  The terms of the Alamo Settlement as set forth in the Plan, the Plan Documents, any separate stand-alone motions filed with this Court and heard at or prior to the Confirmation Hearing, including the *Emergency Motion to Approve Stipulation Pursuant to Rule 9019 Resolving Debtors' Objection to Claims of BG Strategic Advisors [Claim No. 25 in Case No. 13-41498 and Claim No. 1 in Case No. 13-41503] and Changing Vote of BG Strategic Advisors to Accept Plan* [Docket No. 316] (the "**BGSA Settlement Motion**") and announcements or agreements read into the record at the Confirmation Hearing.   (All such compromises and settlements are, collectively, the "**Settlements**.")  Because the Settlements are integral to the implementation of the Plan, they are hereby approved as part of the Plan.  The Settlements are the product of good-faith, arms' length

negotiations.   The Settlements represent reasonable compromises and settlements of Claims against the Debtors and certain claims held by the Estates.   The Settlements are in the best interests of the Estates and the Creditors thereof.   Considering (i) the probability of success in litigation with due consideration for uncertainty in fact and law; (ii) the complexity and likely duration of the litigation, and the expense, inconvenience, and delay necessarily attending to that litigation; and (iii) all other factors bearing on the wisdom of the Settlements, the Plan and the Settlements satisfy the requirements of Bankruptcy Rule 9019 and section 1123(b)(3), and the Settlements are hereby approved.   On behalf of the Estates, the Debtors are authorized to execute any document necessary, in their discretion, to effectuate or implement the Settlements that are in the best interests of the Estates.

### Other Findings

NN.   <u>Transfers by Debtors</u>.  All transfers of property of the Estates, shall be free and clear of all Liens, Claims, encumbrances, and other interests.

OO.   <u>Retention of Jurisdiction</u>.   This Court will retain jurisdiction over all matters arising out of, and related to the Cases and the Plan to the fullest extent permitted by law, including, without limitation, as permitted by §§ 105(a) and 1152 of the Bankruptcy Code.

PP.   <u>Objections</u>.   All parties have had a full and fair opportunity to litigate all issues which might have been raised; and there were no objections raised to the Plan.

### The Plan Satisfies Confirmation Requirements

QQ.   Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   <u>Solicitation and Notice</u>.   Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based on the

circumstances of the Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.   The Solicitation Packages were approved as appropriate and satisfactory based on the circumstances of the Cases and were in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.   The solicitation of votes on the Plan complied with the solicitation procedures in the Disclosure Statement Order and was appropriate and satisfactory based on the circumstances of the Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

2.      <u>Confirmation</u>.   The Plan and each of its provisions shall be, and hereby is, confirmed under section 1129 of the Bankruptcy Code.

3.      <u>Objections</u>.   There were no formal objections filed to the Plan or made at the confirmation hearing.

4.      <u>Binding Effect</u>.   Subject to the occurrence of the Effective Date, on and after the Effective Date, the provisions of the Plan shall bind the Debtors, the Committee, the Alamo Group, BGSA, and all current and former holders of a Claim against, or Interest in, the Debtors and such holders' respective successors and assigns, whether or not the Claim or Interest of such holder is Impaired under the Plan, whether or not such holder accepted the Plan, and whether or not such holder is entitled to any distribution under the Plan.

5.      <u>Plan Classification Controlling</u>.   The classifications of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan and the BGSA Stipulation.   The classification set forth on the Ballots tendered or returned by Creditors in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in

no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Interests under the Plan for distribution purposes; and (c) shall not be binding on the Debtors for purposes other than voting on the Plan.

6.      <u>Distributions Under the Plan</u>.  All distributions under the Plan shall be made in accordance with Article VIII of the Plan,.

7.      <u>Vesting of Assets (11 U.S.C. § 1141(b), (c))</u>.  On the Effective Date, pursuant to the Plan and §§ 1123, 1141 and 1146(a), the Debtors and their Estates are authorized and directed to transfer, grant, assign, convey, set over, and deliver to the Litigation Agent or the Disbursing Agent, all of the respective Debtors' and Estates' right, title and interest in and to the Debtors' assets free and clear of all Liens, Claims, encumbrances or interests of any kind in such property of any other or Holders of Claims against or Interests in the Debtors, except as otherwise expressly provided for in the Plan.  To the extent required to implement the transfer of the Debtors' assets from the Debtors and Estates to the Disbursing Agent and the Litigation Agent as provided for herein, all Persons and governmental entities shall cooperate with the Debtors and the Estates to assist the Debtors and the Estates to implement said transfers.

8.      <u>Dissolution of the Debtors</u>.  Upon the disposition of all Assets of the Debtors' Estates pursuant to the Plan and the filing by or on behalf of the Debtors of a certification to that effect with the Bankruptcy Court, the Debtors shall be deemed dissolved for all purposes without the necessity for any further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith; provided, however, that the Disbursing Agent shall file with the appropriate state authority a certificate of cancellation, if necessary.

9.      <u>Release of Liens</u>.  Except as otherwise provided in the Plan or this Confirmation Order, or in any contract, instrument, release, or other agreement or document entered into or

delivered in connection with the Plan, concurrently with the applicable distributions made pursuant to the Plan, all mortgages, deeds of trust, liens, and other security interests against property of the Estates shall be fully cancelled, terminated, released, discharged and extinguished (except to the extent expressly reinstated under the Plan).

10. <u>Retained Assets</u>. To the extent that the succession to assets of the Debtors by the Disbursing Agent or the Litigation Agent, as the case may be, pursuant to the Plan are deemed to constitute "transfers" of property, such transfers of property (a) are or shall be legal, valid, and effective transfers of property, (b) vest or shall vest in the Disbursing Agent or Litigation Agent with good title to such property, free and clear of all Liens, Claims, encumbrances, charges, or interests, except as expressly provided in the Plan or this Confirmation Order, (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable non-bankruptcy law, and (d) do not and shall not subject the Disbursing Agent or Litigation Agent to any liability by reason of such transfer under the Bankruptcy Code or under applicable non-bankruptcy law, including, without limitation, by laws affecting successor or transferee liability.

11. <u>Objections to Claims</u>.

(a) <u>General</u>. An objection to the allowance of a Claim (other than an Administrative Expense Claim) shall be in writing and may be Filed by the Disbursing Agent or the Litigation Agent, at any time on or before the Claim Objection Deadline. The "Claim Objection Deadline" is 180 days after the Bar Date. The Litigation Agent or Disbursing Agent shall serve a copy of each such Objection upon the holder of the Claim to which it pertains and will prosecute each Objection to a Claim until determined by a Final Order unless the Litigation Agent or Disbursing Agent (i) compromises and settles an Objection to such Claim or (ii) withdraws an Objection to a Claim.

(b)   <u>Administrative Expense Claims</u>.  All Administrative Expense Requests for non-Professional Fee Claims must be filed with this Court no later than the Administrative Expense Bar Date, which shall be 30 days after the Effective Date unless otherwise ordered by the Court, or be forever barred.  Within ten (10) business days after the Effective Date, the Debtors shall serve notice of the Effective Date and the Administrative Expense Bar Date on all creditors and parties in interest.  Holders of Ordinary Course Administrative Expenses shall not be required to file Administrative Expense Requests for allowance and payment of such Claims.

Any objection to the allowance of an Administrative Expense, other than an Ordinary Course Professional Claim or a Fee Claim, must be filed no later than twenty (20) days after the Administrative Expense Claim is served (the "**Administrative Expense Objection Deadline**").  The Administrative Expense Objection Deadline may be extended only by an order of this Court.  If no objection to the allowance of an Administrative Expense is filed on or before the Administrative Expense Objection Deadline, such Administrative Expense shall be deemed Allowed as of such date.

All final applications for allowance and payment of a Fee Claim for services rendered or reimbursement of expenses incurred through and including the Effective Date must be filed with this Court and served no later than sixty (60) days after the Effective Date or such other date as may be fixed by this Court.  All objections to allowance of Fee Claims must be made within twenty (20) days after the application for the Fee Claim is served.

Except to the extent that any Person entitled to payment of any Allowed Fee Claim agrees to a less favorable treatment or unless otherwise ordered by this Court, each holder of an Allowed Fee Claim shall receive, in full satisfaction, discharge, exchange and release thereof, Cash in an amount equal to such Allowed Professional Fee Claim within thirty (30) days

after such Fee Claim becomes an Allowed Fee Claim, unless the Holder agrees to defer a payment of a portion of its Allowed Fee Claim.

12.    <u>Rejection of Executory Contracts and Unexpired Leases</u>.

(a)    <u>General</u>.  Subject to the occurrence of the Effective Date, Effective on the Effective Date, except for any Executory Contract that (i) previously expired or terminated by its own terms, or (ii) was previously assumed or rejected by an order of this Court pursuant to § 365, all executory contracts and unexpired leases shall be rejected by the Debtors.

This Confirmation Order shall constitute an order of this Court approving such rejections, pursuant to § 365, effective as of the Petition Date.

(b)    <u>Claims Relating to Executory Contracts and Unexpired Leases Rejected Pursuant to the Plan and Bar Date for Rejection Damage Claims</u>.  Any Rejection Claim arising from the rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtors or any of their affiliates, successors, estates or properties, unless a Proof of Claim is filed with the Claims Agent within thirty (30) days after the Effective Date.

Any Claim arising from the rejection of an executory contract or unexpired lease shall be treated as a General Unsecured Claim against the Debtor that is a party to that contract or lease (Class 5).  Nothing in the Plan or this Confirmation Order extends or modifies the Bar Date, except as specifically provided herein.

13.    <u>General Authorization</u>.  The Debtors, the Disbursing Agent and the Litigation Agent shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements and to take such other actions as may be necessary to effectuate and further evidence the terms and conditions of the Plan.  As of the Effective Date,

the Debtors, the Disbursing Agent, and the Litigation Agent and their respective directors, officers, members, agents, attorneys, financial advisors, and investment bankers are authorized and empowered, pursuant to section 1142(b) of the Bankruptcy Code, and other applicable state laws (a) to grant, issue, execute, deliver, file, or record any agreement, document, or security, as modified, amended, and supplemented, in substantially the form included therein, (b) to take any action necessary or appropriate to implement, effectuate, and consummate the Plan in accordance with its terms, and (c) to take or cause to be taken all corporate or limited liability company actions necessary or appropriate to implement all provisions of, and to consummate, the Plan prior to, on, and after the Effective Date and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by this Court without further approval, act or action under any applicable law, order, rule or regulation. The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Debtors, the Disbursing Agent, the Litigation Agent, or any member, manager, or officer thereof to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order pursuant to section 1142(b) of the Bankruptcy Code. Pursuant to section 1142, to the extent that, under applicable non-bankruptcy law, any of the foregoing actions otherwise would require the consent or approval of the members, managers, shareholders, or board of directors or board of managers of the Debtors, this Confirmation Order shall constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the decision-making entity or individual of the Debtors. Any and all documents contemplated herein shall be accepted by each of the respective state filing offices

and recorded, if required, in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law.

14.     <u>Payment of Statutory Fees</u>.  All fees due and payable pursuant to section 1930 of title 28 of the United States Code, as determined by this Court, shall be paid on the Effective Date without the need to file any applications with this Court.  The Debtors shall (a) continue to pay all fees due and payable pursuant to section 1930 of title 28 of the United States Code until the closing conversion or dismissal of the Cases and (b) provide the required post-confirmation reporting to the U.S. Trustee until the Cases are closed.

15.     <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

16.     <u>Filing and Recording</u>.  This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Interests existing prior to such date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan, and (b) is and shall be binding on and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.  Each and every

federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

17.     Exemption from Transfer Taxes.  Pursuant to § 1146(c), the issuance, transfer, or exchange of assets under the Plan by the Debtors, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or instrument of transfer under, in furtherance of, or in connection with the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

18.     Discharge of Claims and Termination of Interests.  Except as otherwise provided herein, the rights afforded in the Plan and the payments and distributions to be made hereunder shall discharge all existing debts and Claims and terminate all Interests of any kind, nature, or description whatsoever against or in the Debtors or any of their assets or properties to the fullest extent permitted by § 1141.  Except as provided in the Plan, upon the occurrence of the Effective Date, all existing Claims against and Interests in the Debtors, shall be, and shall be deemed to be, discharged and terminated, and all holders of Claims and Interests shall be precluded and enjoined from asserting against the Debtors, the Disbursing Agent, the Litigation Agent, or their successors or assigns, or any of their assets or properties, any other or further Claim or Interest based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a Proof of Claim or proof of

Interest and whether or not the respective facts or legal bases were known or existed prior to the Effective Date.

19.   <u>Release and Discharge of Debtors</u>.  Upon the occurrence of the Effective Date and in consideration of the distributions to be made under the Plan, except as otherwise expressly provided herein, each holder (as well as any trustees and agents on behalf of each holder) of a Claim or Interest and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the Debtors, to the fullest extent permitted by § 1141, of and from any and all Claims, Interests, rights, and liabilities that arose prior to the Effective Date.  Upon the Effective Date, all such persons shall be forever precluded and enjoined, pursuant to § 524, from prosecuting or asserting against the Debtors, the Disbursing Agent or the Litigation Agent any such discharged Claim against or terminated Interest in the Debtors.

20.   <u>Injunction</u>.  The Plan is the sole means for resolving, paying or otherwise dealing with Claims against and Interests in the Debtors and their Estates.  Except as provided in the Plan, as of the Effective Date, all non-Debtor entities are permanently enjoined from commencing or continuing in any manner, any Cause of Action, whether directly, derivatively, on account of or respecting any Cause of Action of the Debtors, the Disbursing Agent, or the Litigation Agent, which the Disbursing Agent or the Litigation Agent, as the case may be, retain sole and exclusive authority to pursue in accordance with the terms of the Plan, or which have been released pursuant to the Plan.  Further, except as expressly provided herein, at all times on and after the Effective Date, all Persons or governmental entities who have held, hold or may hold Claims against or Interests in the Debtors arising prior to the Effective Date are permanently enjoined (other than actions brought to enforce any rights or obligations under the

Plan and any adversary proceedings pending in the Cases as of the Effective Date or the enforcement of any police or regulatory powers by any governmental agency) from:

(a)    commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Disbursing Agent or the Litigation Agent or any property of any such party with respect to any such Claim against or Interest in a Debtor;

(b)    the enforcement, attachment, collection or recovery by any manner or means, directly or indirectly, of any judgment, award, decree or order against Debtors, the Disbursing Agent or the Litigation Agent or any property of any such party with respect to any such Claim against or Interest in a Debtor;

(c)    creating, perfecting or enforcing, directly or indirectly, any lien or encumbrance of any kind against the Debtors, the Disbursing Agent or the Litigation Agent or any property of any such party with respect to any such Claim against or Interest in a Debtor;

(d)    effecting, directly or indirectly, any setoff or recoupment of any kind against any obligation due the Debtors, the Disbursing Agent or the Litigation Agent or any property of any such party with respect to any such Claim against or Interest in a Debtor, unless approved by this Court; and

(e)    any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim against or Interest in a Debtor.

21.    <u>Preservation of Right to Litigate Claims</u>.  Nothing contained in Article X of the Plan shall prohibit the holder of a Claim or Interest with respect to which a Proof of Claim was timely filed from litigating its right to seek to have such Claim or Interest declared an Allowed

Claim or Interest and paid in accordance with the Distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Holder of such Claim or Interest of any of the obligations of the Debtors.

22.     Exculpation and Releases.

(a)     No Released Party shall have or incur any liability for, and each Released Party is hereby released from, any and all Claims, liabilities, causes of action, rights, damages, costs and obligations held by any party against any Released Party, whether known or unknown, matured or contingent, liquidated or unliquidated, existing, arising or accruing, whether or not yet due in any manner, relating to any act taken or omitted to be taken on or after the Petition Date in connection with, related to, or arising out of the Cases, the formulation, preparation, dissemination, implementation, confirmation, approval, or administration of the Plan or any compromises or settlements contained herein, the Disclosure Statement related thereto, the property to be distributed under the Plan, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan, all of which shall be deemed fully waived, barred, released and discharged in all respects; provided, however, that nothing herein shall release or exculpate any Released Party to the extent that such claims arise from the gross negligence, willful misconduct or fraud of such Released Party, in each case subject to determination of such by Final Order of a court of competent jurisdiction. This exculpation does not release any other Claims, liabilities, causes of action, rights, damages, costs or obligations held by any of the Debtors against any party, with the exception of the release of Comvest pursuant to section 10.2 of the Plan, and no such release is being granted by any of the Debtors under the Plan, though the Debtors reserve

the right to seek authority to release or settle claims prior to the Effective Date if the Debtors believe that doing so is in the best interests of Creditors and the Estates.

(b)     Without limiting the generality of the foregoing, no Released Party shall have or incur any liability to any Person or governmental entity for its role, if any, in soliciting acceptances of the Plan in good faith, and shall be entitled to and granted all the protections and benefits of § 1125(e).

(c)     Each party to which this Section applies shall be deemed to have granted the releases set forth in this Section notwithstanding that it may hereafter discover facts in addition to, or different from, those which it now knows or believes to be true, and without regard to the subsequent discovery or existence of such different or additional facts, and such party expressly waives any and all rights that it may have under any statute or common law principle, which would limit the effect of such releases to those claims or causes of action actually known or suspected to exist.

(d)     Notwithstanding anything set forth above or elsewhere in the Plan, nothing in the Plan shall operate to discharge, release, preclude, exculpate or enjoin any Entity from or against its obligations under the Plan.

23.     <u>Comvest Release</u>.  Effective as of the Effective Date, all Allowed Class 5 General Unsecured Claimants who consented to the Comvest Release or are deemed to consent to the Comvest Release shall forever release, waive and discharge all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action, and liabilities whatsoever against Comvest and any of its successors and assigns, arising under or in connection with or related to the Debtors, the Debtors' Estates, the conduct of the Debtors' business, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or

unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise.

24.     <u>Debtors' Release of Comvest</u>. Upon the Effective Date, the Debtors release, waive, and discharge all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action, and liabilities whatsoever against Comvest and any of its successors and assigns, arising under or in connection with or related to the Debtors, the Debtors' Estates, the conduct of the Debtors' business, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise.  The Debtors shall retain $250,000.00, which shall fund the Contribution on the Effective Date.

25.     <u>Preservation of Causes of Action</u>.

(a)     <u>Preservation of Causes of Action; Designation of Estate Representative</u>. On the Effective Date, the Litigation Agent, as representative of each Debtor's Estate, shall retain and have the exclusive right to commence, pursue, enforce and settle, as appropriate, all Causes of Action, as defined and described herein and in the Plan (including all Avoidance Actions against any and all parties receiving prepetition payments, except as released herein and in the Plan, including and in addition to those parties specifically listed on the Debtors' Schedules and Statements of Financial Affairs filed in these cases), that otherwise belong to a Debtor and arose before the Effective Date, including all Causes of Action of a trustee or debtor in possession under the Bankruptcy Code, other than those Causes of Action expressly released or compromised as part of or pursuant to the Plan or by other order of this Court entered prior to the Effective Date.  As of the Effective Date, the Litigation Agent shall be authorized to exercise and perform the rights, powers and duties held by the Debtors' Estates with respect to all Causes

of Action, including the authority under § 1123(b)(3) to provide for the settlement, adjustment, retention and enforcement of any such Causes of Action, without the consent or approval of any third party, and without any further order of this Court.

(b) <u>Description of Retained Causes of Action</u>. Notwithstanding any otherwise applicable principle of law or equity, including any principles of judicial estoppel, res judicata, collateral estoppel, issue preclusion, or any similar doctrine, the failure to list, disclose, describe, identify, analyze or refer to any claim or Cause of Action, or potential Cause of Action in the Plan, the Disclosure Statement, or any other document filed with this Court shall in no manner waive, eliminate, modify, release, or alter the Litigation Agent's right to commence, prosecute, defend against, settle, and realize upon any Cause of Action, that the Debtors or the Estates have or may have as of the Effective Date. Subject to the limitations expressly set forth in the Plan, the Litigation Agent may commence, prosecute, defend against, recover on account of, and settle all Causes of Action in his sole discretion in accordance with what is in the best interests, and for the benefit, of the creditors.

Unless a Cause of Action against a Person, Entity or a governmental entity is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order, the Debtors expressly reserve such Causes of Action for later adjudication (including Causes of Action of which the Debtors may presently be unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time, or facts or circumstances which may change or be different from those which the Debtors now believe to exist) and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply to Causes of Action upon, or after, the Confirmation or consummation of the Plan based on

the Disclosure Statement, the Plan, or the Confirmation Order, except where such Causes of Action have been expressly released by virtue of the Plan or other Final Order.

(c)    <u>Reservation of Rights</u>.  The failure to explicitly list any Cause of Action is not intended to limit the rights of the Litigation Agent to pursue any such Cause of Action not so identified.  In this connection, the Litigation Agent will continue to review payments made by and transactions involving the Debtors prior to the Petition Date to determine whether preference and other actions to avoid such payments and transactions should be brought.  Failure to specifically identify potential actions in the Plan shall not be deemed a waiver of any such action by any of the Debtors, the Disbursing Agent, the Litigation Agent or any other party.

26.    <u>Vesting of Causes of Action in Litigation Agent</u>.  Except to the extent that such Causes of Action have been released under the Plan or as otherwise provided under any orders of this Court, any Person or governmental entity with respect to which the Debtors have incurred an obligation (whether on account of services, purchase or sale of property, or otherwise), or who has received services from the Debtors or a transfer of money or property of the Debtors, or who has transacted business with the Debtors, or leased equipment or property from the Debtors should assume that such obligation, transfer, or transaction may be reviewed by the Litigation Agent subsequent to the Effective Date and may, if appropriate, be the subject of an action after the Effective Date, whether or not (i) such Person or governmental entity has filed a Proof of Claim against the Debtors; (ii) such Person's or governmental entity's Proof of Claim has been objected to by the Debtors; (iii) such Person's or governmental entity's Claim was included in the Bankruptcy Schedules; or (iv) such Person's or governmental entity's scheduled Claims have been objected to by the Debtors or have been identified by the Debtors as disputed, contingent, or unliquidated.

27.     <u>Conclusion of the Cases and Dissolution of the  Committee</u>.  Except with respect to any appeal of an order in the Cases, and any matters related to any proposed modification of the Plan, on the Effective Date, the  Committee shall be dissolved and the members, employees, agents, advisors, affiliates and representatives (including, without limitation, attorneys, financial advisors, and other Professionals) of each thereof shall thereupon be released from and discharged of and from all further authority, duties, responsibilities and obligations related to, arising from and in connection with or related to the Cases and shall be indemnified for any and all acts performed, or omissions, in connection with or related to the Cases, except for acts or omissions as shall constitute fraud, willful misconduct or gross negligence of their duties.

28.     <u>Modification of the Plan</u>.  Subject to the restrictions set forth in § 1127, the Debtors reserve the right to alter, amend, or modify the Plan at any time prior to Confirmation or after Confirmation and before the Plan is substantially consummated.  Prior to the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Plan without further order or approval of this Court, provided that such technical adjustments and modifications do not adversely affect in a material way the treatment of Holders of Claims or Interests.

29.     <u>Post-Confirmation Date Professional Fees and Expenses</u>.  From and after the Effective Date, the Debtors or the Litigation Agent, as applicable, shall, in the ordinary course of business and without the necessity for any approval by this Court, pay the reasonable fees and expenses of Professionals thereafter incurred.

30.     <u>Notice of Entry of Confirmation Order</u>.  Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), the Debtors shall file and serve notice of entry of this Confirmation Order in substantially the form annexed hereto as <u>Exhibit "A"</u> (the "**Notice of Confirmation Order**")

on all parties entitled to receive notice in the Cases, by causing the Notice of Confirmation Order to be delivered to such parties by first-class mail, postage prepaid, within ten (10) business days after entry of this Confirmation Order; provided, however, that the Confirmation Notice shall not be served on any person or entity to whom the Debtors have mailed other notices during the Cases that have been returned as undelivered, unless the Debtors have been informed in writing by such person or entity of that person or entity's new address.  Such notice is adequate under the particular circumstances and no other or further notice is necessary.  The form of Notice of Confirmation Order substantially in the form annexed hereto as Exhibit "A" is approved.

31.     Notice of Effective Date.  Within five (5) Business Days after the occurrence of the Effective Date, the Reorganize Debtors shall file notice of the occurrence of the Effective Date (the "**Notice of Effective Date**") and shall serve a copy of same on all parties entitled to receive notice in the Cases; provided, however, that the Notice of Effective Date shall not be served on any person or entity to whom the Debtors have mailed other notices during the Cases that have been returned as undelivered, unless the Debtors have been informed in writing by such person or entity of that person or entity's new address.  Such notice is adequate under the particular circumstances and no other or further notice is necessary.

32.     Conditions to Effective Date.  The Plan shall not become effective unless and until the conditions set forth in Article VII of the Plan have been satisfied or waived pursuant to Article VII of the Plan.

33.     Effect of Failure of Conditions to Effective Date.  If the conditions precedent specified in Article VII of the Plan have not been satisfied or waived pursuant to Article VII of the Plan, the Plan shall be deemed null and void.  In such event, nothing contained in the Plan shall be deemed to constitute a waiver or release of any Claims by or against the Debtors or any

other Person or to prejudice in any manner the rights of the Debtors, Reorganized Debtors, or any other Person in any further proceedings involving the Debtors, Reorganized Debtors, or any other Person.

34. <u>Retention of Jurisdiction</u>. Upon the Effective Date, this Court shall retain jurisdiction over all matters arising out of, and related to the Cases and the Plan to the fullest extent permitted by law, including, without limitation, as permitted by §§ 105(a) and 1142 of the Bankruptcy Code.

35. <u>Appeal of the Confirmation Order</u>. Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court, or any other court, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors, Disbursing Agent, or Litigation Agent, as applicable, prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto and shall remain binding on the Debtors, the Disbursing Agent and the Litigation Agent as applicable.

36. <u>Severability</u>. Each term and provision of the Plan, as it may have been altered or interpreted by this Court, is valid and enforceable pursuant to its terms.

37.     <u>Objections</u>.  No objections were filed prior to or at the Confirmation Hearing.

38.     <u>Conflicts Between Confirmation Order and Plan</u>.   The failure to specifically include any particular provision of the Plan in this Confirmation Order or any further order of this Court contemplated by this Confirmation Order will not diminish the effectiveness of such provision, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.  The provisions of the Plan, this Confirmation Order, and any further order of this Court contemplated by this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided</u>, <u>however</u>, that if there is any inconsistency between the provisions of the Plan and this Confirmation Order or any further order of this Court contemplated by this Confirmation Order, the terms and conditions contained in this Confirmation Order or such further order of this Court shall govern and shall be deemed a modification to the Plan and shall control and take precedence. The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of this Court.

39.     <u>Stay of Confirmation Order</u>.  The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after entry of the order are hereby waived.  This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(d), 7062, or otherwise.

# # # End of Order # # #

Agreed To By:

*/s/ Virgil Ochoa*

Holland Neff O'Neil (TX 14864700)
Virgil Ochoa (TX 24070358)
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761
Telephone:  (214) 999-3000
Facsimile: (214) 999-4667
honeil@gardere.com
vochoa@gardere.com

**COUNSEL FOR DEBTORS**
**AND DEBTORS IN POSSESSION**

and

*/s/ Joshua N. Eppich*

John Y. Bonds, III (TX 02589100)
Joshua N. Eppich (TX 24050567)
H. Brandon Jones (TX 24060043)
**SHANNON, GRACEY, RATLIFF &**
**MILLER, LLP**
777 Main Street, Suite 3800
Fort Worth, Texas 76102-3899
(817) 336-9333
(817) 336-3735 Fax
JBonds@shannongracey.com
JEppich@shannongracey.com

**COUNSEL FOR THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS**

# EXHIBIT A

Holland Neff O'Neil (TX 1486 4700)
Virgil Ochoa (TX 24070358)
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@gardere.com
vochoa@gardere.com

**COUNSEL FOR DEBTORS AND DEBTORS
IN POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **HI-WAY EQUIPMENT COMPANY** | § | **Case No. 13-41498-RFN-11** |
| **LLC, HI-WAY HOLDINGS LLC and** | § | |
| **HWE REAL ESTATE LLC,** | § | **(Jointly Administered)** |
| | § | |
| **Debtors.** | § | |

### NOTICE OF ENTRY OF THE CONFIRMATION ORDER

**PLEASE TAKE NOTICE** that, on October 8, 2013, this Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Second Amended Joint Chapter 11 Plan of Liquidation Dated August 29, 2013* [Docket Nos. ___ and ___] (the "**Confirmation Order**").[4]

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Order and supporting papers are available on the Debtors' website www.upshotservices.com/hi-way and on the Bankruptcy Court's website at **ecf.txnb.uscourts.gov**. You can request any pleading you need from (i) the claims agent at: UpShot Services LLC, c/o Travis Vandell, 7808 Cherry Creek

---

[4] All capitalized terms not defined herein shall have the meanings ascribed to them in the Confirmation Order.

South Drive, Suite 112, Denver, Colorado 80231, 855-812-6112 (toll-free), (Hi-WayInfo@upshotservices.com) or (ii) counsel for the Debtors at: Gardere Wynne Sewell LLP, c/o Karen Oliver, paraprofessional, 1601 Elm Street, Suite 3000, Dallas, Texas 75201 (koliver@gardere.com).

DATED: October 11, 2013                    Respectfully submitted by:

                                           /s/ Virgil Ochoa
                                           Holland Neff O'Neil (TX 14864700)
                                           Virgil Ochoa (TX 24070358)
                                           **GARDERE WYNNE SEWELL LLP**
                                           3000 Thanksgiving Tower
                                           1601 Elm Street
                                           Dallas, TX 75201-4761
                                           Telephone: (214) 999-3000
                                           Facsimile: (214) 999-4667
                                           honeil@gardere.com
                                           vochoa@gardere.com

                                           **COUNSEL FOR DEBTORS AND DEBTORS
                                           IN POSSESSION**